**ADC TELECOMMUNICATIONS, INC., Plaintiff,**

v.

**TELECT INC., Defendant.**

Civ. No. 3–91–150.

United States District Court, D. Minnesota, Third Division.

July 6, 1992.

Earl Reiland, John Gould & Timothy Conrad of Merchant, Gould, Smith, Edell Welter & Schmidt, Minneapolis, Minn., for plaintiff.

Jeffrey Keyes and Jay Schlosser, Briggs & Morgan, Minneapolis, Minn.,Karen McDaniel and Sally Scoggin, Briggs & Morgan, St. Paul, Minn., and Ronald Dean Alley, Minneapolis, Minn., for defendant.

## ORDER

CUDD, United States Magistrate Judge.

Before the Court is Defendant's motion to compel discovery and to determine the sufficiency of responses to requests for admission and to deem admitted Defendant's requests for admission. Though the motion to compel encompasses several issues, this Court was advised at oral argument that only one redacted document withheld on the basis of attorney/client privilege remains at issue.

■ Having examined the passage at issue, this Court finds that it comes within the limited waiver of the attorney/client privilege contemplated by the parties. Moreover as Plaintiff's are asserting as a partial defense to Defendant's counterclaims a reliance on advice of counsel defense, this passage falls squarely within the doctrine of waiver of the attorney/client privilege in such situations. *See e.g., Sedco Int'l, S.A. v. Cory,* 683 F.2d 1201, 1206 (8th Cir.1982). The *in camera* submission of the document at issue precludes this Court's more detailed discussion of the waiver issue.

■ Two general categories of requests for admissions are at issue. First, Defendant seeks to have Plaintiff admit or deny that a copy of the File Wrapper of the patent at issue is a true and correct copy. Plaintiff objects that it is unable to admit or deny because it does not have the original with which to compare the copy. Defendant insists that this request is calculated to establish the admissibility of the File Wrapper. Plaintiff counters that it is willing to concede that the File Wrapper is a self authenticating public document but argues that that was not what it was asked to admit or deny. It is apparent that the parties are engaged in semantic wrangling.

Given Defendant's stated intent, Defendant has phrased its request in an inarticulate fashion and while Plaintiff's response is facile, it is accurate. Without access to an original, it is not possible or prudent to admit or deny that a copy is a true copy. Defendant is advised to rephrase the request.

■ The second series of requests for admissions seeks to have Plaintiff admit or deny that their product infringes upon Defendant's patent. These requests specifically state that Plaintiff is to presume that Defendant's patent is valid. Plaintiff has objected to these requests on the grounds that Plaintiff is unable to make such a presumption because the facts known to it contradict such presumption and because such a presumption is unimaginable to Plaintiff.

The NOTES OF ADVISORY COMMITTEE ON RULES: 1970 AMENDMENT to Rule 36 state in pertinent part:

Courts have also divided on whether an answering party may properly object to request for admission as to matters which that party regards as "in dispute". (citations omitted). The proper response in such cases is to answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give as his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit.

Plaintiff objects that the question of validity is in dispute because the facts known to it contradict the required presumption. This objection is proper only in the context of an answer denying or stating an inability to admit or deny. Plaintiff's objection is not an answer as contemplated under the Rule. Plaintiff's other objections are without merit. Plaintiff shall be required to answer in accordance with the Rules.

This Court declines Defendant's invitation to rule the requests for admissions admitted.

IT IS HEREBY ORDERED that:

1. Defendants' motion to compel production of the redacted document at issue is GRANTED. Plaintiff's shall produce this document in unredacted form within 10 days of the date of this Order. Those documents submitted to this Court under seal shall be sealed and lodged in the file,

2. Defendants' motion to find insufficient Plaintiff's responses to those requests for admissions concerning the authenticity of the File Wrapper is DENIED,

3. Defendants' motion to find insufficient Plaintiff's responses to those requests for admission requiring Plaintiff to presume the validity of Plaintiff's patent is GRANTED. Plaintiff shall have ten days from the date of this Order in which to properly respond to Defendant's requests for admission requiring Plaintiff to presume the validity of Plaintiff's patent. Plaintiff shall admit, deny or assert its inability to admit or deny in accordance with the Fed.R.Civ.P. 36 and the Advisory Notes to that Rule,

4. Defendant's motion to have its requests for admission deemed admitted is DENIED, and

5. No costs, fees or sanctions are allowed.